UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUN CHUL WHANG,<br><br>    Plaintiff,<br><br>v.<br><br>GREENSPOON MARDER LLP,<br><br>    Defendant. | Case No.: 1:19-cv-00752-AJN<br><br>Judge: Alison J. Nathan |

**GREENSPOON MARDER LLP'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Greenspoon Marder LLP ("GM"), by its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby responds to the Complaint (Dkt. 1) filed by Plaintiff Jun Chul Whang ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's employment with Jacob, Medinger & Finnegan, LLP ("JMF") as set forth in paragraph 1 of the Complaint, and therefore denies such allegations. GM admits Plaintiff was employed by GM as a partner, but denies the remaining allegations contained in paragraph 1 of the Complaint.

2. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's employment with JMF as set forth in paragraph 2 of the Complaint, and therefore denies such allegations. GM denies the remaining allegations contained in paragraph 2 of the Complaint.

3. GM denies the allegations contained in paragraph 3 of the Complaint.

4. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 4 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 4 of the Complaint. GM admits Plaintiff seeks to assert claims against GM pursuant to 42 U.S.C. § 1981 and N.Y.C. Admin. Code §§ 8-101 *et seq.*, but denies any actionable conduct. GM specifically denies violating 42 U.S.C. § 1981 or N.Y.C. Admin. Code §§ 8-101 *et seq.*

## **JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES**

5. GM admits the Court may have subject-matter jurisdiction to consider Plaintiff's § 1981 claim pursuant to 28 U.S.C. § 1331 to the extent the Complaint properly pleads a claim for an alleged violation of § 1981, but GM denies any actionable conduct.

6. GM denies the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332 as alleged in the Complaint; particularly as Plaintiff neither alleges an amount in controversy nor the citizenship of GM—a limited liability partnership. *See* 28 U.S.C. § 1332(a) (establishing diversity jurisdiction threshold dollar value of "$75,000, exclusive of interests and costs"); *see also Mudge Rose Guthrie Alexander & Ferdon v. Pickett*, 11 F.Supp.2d 449, 451 (S.D.N.Y. 1998) (LLP "must be treated for diversity purposes as a citizen of every state of which any of its members is a citizen."). GM is without any knowledge of Plaintiff's citizenship. GM admits it has offices located in the state of Florida (as well as other states), but denies the remaining allegations contained in paragraph 6 of the Complaint.

7. GM admits the Court may have supplemental jurisdiction to consider Plaintiff's §§ 8-101 *et seq.* claim pursuant to 28 U.S.C. § 1367(a) to the extent the Complaint properly pleads a claim for an alleged violations of §§ 8-101 *et seq.* that is so related to its claim for an alleged violation

of § 1981 that the claims form part of the same case or controversy, but GM denies any actionable conduct.

8. GM admits venue is proper based on the allegations contained in the Complaint, but GM denies any actionable conduct.

## TRIAL BY JURY

9. GM demands a trial by jury for all issues so triable.

## PARTIES

10. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies such allegations.

11. GM denies it is a "corporation organized under the laws of the State of Florida." GM admits its "principal place of business" is located at "200 East Broward Boulevard, Fort Lauderdale, FL 33301."

## STATEMENT OF FACTS

12. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies such allegations.

13. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies such allegations.

14. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies such allegations.

15. GM denies the allegations contained in paragraph 15 of the Complaint to the extent such allegations implicate GM.

16. GM denies the allegations contained in paragraph 16 of the Complaint to the extent such allegations implicate GM. GM is without knowledge or information sufficient to form a belief as

to the truth of the allegation contained in paragraph 16 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

17. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies such allegations.

18. GM denies the allegations contained in paragraph 18 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 18 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

19. GM is without knowledge or information sufficient to form a belief as to the "colleagues," "range of new clients," and the "companies" Plaintiff references, and therefore denies these vague allegations contained in paragraph 19 of the Complaint. GM denies the remaining allegations contained in paragraph 19 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

20. GM denies the allegations contained in paragraph 20 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

21. GM denies the allegations contained in paragraph 21 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

22. GM denies the allegations contained in paragraph 22 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

23. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies such allegations.

24. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies such allegations.

25. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies such allegations.

26. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies such allegations.

27. GM denies the allegations contained in paragraph 27 of the Complaint to the extent such allegations implicate GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

28. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies such allegations.

29. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies such allegations.

30. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies such allegations.

31. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies such allegations.

32. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore denies such allegations.

33. GM admits Plaintiff, Tim Finnegan, Arthur Hoffman, Keelin Kavanagh, and David Jaroslaw are former JMF attorneys who were employed by GM in 2016. GM is without knowledge or information sufficient to form a belief as to whether these individuals viewed themselves as a "team," and therefore denies such allegation. GM denies it merged with JMF at any point in time.

34. GM admits Plaintiff, Mr. Finnegan, Mr. Hoffman, Ms. Kavanagh, and Mr. Jaroslaw serviced certain clients while employed by GM. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint to the extent such allegations implicate JMF, and therefore denies such allegations.

35. GM denies it merged with JMF at any point in time. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint, and therefore denies such allegations.

36. GM admits Plaintiff, Mr. Finnegan, Mr. Hoffman, Ms. Kavanagh, and Mr. Jaroslaw each received a base salary of $300,000 upon becoming employed at GM. GM denies the remaining allegations contained in paragraph 36 of the Complaint.

37. GM denies the allegations contained in paragraph 37 of the Complaint.

38. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and therefore denies such allegations.

39. GM denies the allegations contained in paragraph 39 of the Complaint

40. GM denies the allegations contained in paragraph 40 of the Complaint.

41. GM admits informing Plaintiff of his separation from GM on May 21, 2018.  GM further admits Plaintiff's separation from GM was deemed effective on May 31, 2018.  GM denies the remaining allegations contained in paragraph 41 of the Complaint.

42. GM admits Mr. Finnegan communicated with Plaintiff concerning Plaintiff's last day of employment at GM, but denies Plaintiff's characterization and description of that communication.  GM denies the remaining allegations of paragraph 42 of the Complaint.

43. GM denies the allegations contained in paragraph 43 of the Complaint.

44. GM denies the allegations contained in paragraph 44 of the Complaint.

45. GM denies the allegations contained in paragraph 45 of the Complaint.  GM is without knowledge or information sufficient to form a belief as to matters Plaintiff deems plausible, and therefore further denies the allegations contained in paragraph 45 of the Complaint.

46. GM denies the allegations contained in paragraph 46 of the Complaint.

47. GM is without knowledge or information sufficient to form a belief as to the "counterparts" Plaintiff references, and therefore denies the vague allegations contained in paragraph 47 of the Complaint.

48. GM denies the allegations contained in paragraph 48 of the Complaint.  GM is without knowledge or information sufficient to form a belief as to Plaintiff's meaning of the vague phrase "the economics of the firm," and therefore further denies the allegations contained in paragraph 48 of the Complaint.

49. GM is without knowledge or information sufficient to for a belief as to the truth of Plaintiff's averments concerning the actions and justifications of unalleged, unknown, and

speculative clients, and therefore denies these and the remaining allegations contained in paragraph 49 of the Complaint.

50. GM denies the speculative allegations contained in paragraph 50 of the Complaint.

51. GM is without knowledge or information sufficient to form a belief as to the "explanation" Plaintiff references, and therefore denies such allegations. GM denies the remaining allegations contained in paragraph 51 of the Complaint.

52. GM admits Mr. Finnegan was offered an "of counsel" position with GM. GM denies the remaining allegations contained in paragraph 52 of the Complaint.

53. GM denies the allegations contained in paragraph 53 of the Complaint.

54. GM is without knowledge or information sufficient to form a belief as to the "colleagues" or "difference" Plaintiff references, and therefore denies the allegations contained in paragraph 54 of the Complaint.

55. GM admits Mr. Finnegan accepted the offer of an "of counsel" position with GM. GM admits its relationship with Plaintiff ended, but denies Plaintiff's characterization of such end.

56. GM admits it still employs Mr. Finnegan, Mr. Hoffman, Ms. Kavanagh, and Mr. Jaroslaw—to the extent those are the presumed "White partners" vaguely alleged in paragraph 56 of the Complaint.

57. GM admits it did not offer Plaintiff an "of counsel" position with GM.

58. GM is without knowledge or information sufficient to form a belief as to the "colleagues" Plaintiff references, and therefore denies such allegations. GM denies the remaining allegations contained in paragraph 58 of the Complaint.

59. GM denies engaging in any "discriminatory actions" concerning Plaintiff. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 59 of the

Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 59 of the Complaint; particularly as any supposed harm Plaintiff allegedly suffered is a direct result of his lack of business development and diligence while employed at GM.

60. GM denies the allegations contained in paragraph 60 of the Complaint.

61. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and therefore denies such allegations. GM specifically denies Plaintiff's conclusory allegation that Greenspoon's actions caused Plaintiff to have "diminished [employment] prospects."

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Race Discrimination in Violation of § 1981

62. GM incorporates its responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 63 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM states the authority cited in paragraph 59 of the Complaint is the best evidence of its content, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, GM denies the propositions for which such authority is cited for support.

64. GM denies the allegations contained in paragraph 64 of the Complaint.

65. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 65 of the Complaint as such conclusions and/or statements are not allegations capable

of admission or denial.  To the extent a response is required, GM denies paragraph 65 of the Complaint.

66. GM denies engaging in any "discrimination" of Plaintiff.  GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 66 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial.  To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 66 of the Complaint; particularly as any supposed damages Plaintiff allegedly suffered is a direct and proximate result of his lack of business development and diligence while employed at GM.

67. GM denies engaging in any "discriminatory treatment" of Plaintiff.  GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 67 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial.  To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 67 of the Complaint.

**SECOND CAUSE OF ACTION**
**Race and National Origin Discrimination in Violation of NYCHRL**

68. GM incorporates its responses to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 69 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial.  To the extent a response is required, GM states the authority cited in paragraph 69 of the Complaint is the best evidence of its content, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, GM denies the propositions for which such authority is cited for support.

70. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 70 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM denies paragraph 70 of the Complaint. Further, GM states the authority cited in paragraph 70 of the Complaint is the best evidence of its content, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, GM denies the propositions for which such authority is cited for support.

71. GM denies it "discriminated against Plaintiff Whang on the basis of his race and national origin."

72. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 72 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM denies paragraph 72 of the Complaint.

73. GM denies engaging in any "discrimination" of Plaintiff. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 73 of the Complaint as such conclusions and/or statements are not allegations capable of admission or denial. To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 73 of the Complaint; particularly as any supposed damages Plaintiff allegedly suffered is a direct and proximate result of his lack of business development and diligence while employed at GM.

74. GM denies engaging in any "discriminatory treatment" of Plaintiff. GM neither admits nor denies the legal conclusions and/or statements of law contained in paragraph 74 of the Complaint as such conclusions and/or statements are not allegations capable of admission or

denial. To the extent a response is required, GM denies the legal conclusions and/or statements of law contained in paragraph 74 of the Complaint.

## REQUEST FOR RELIEF

GM denies Plaintiff is entitled to any relief whatsoever, and instead GM demands recovery of its attorneys' fees and costs from Plaintiff for the defense of this action to the greatest extent permitted by applicable law.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to GM, GM hereby denies said allegations, including, but not limited to, any allegation contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Further, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, GM pleads the following defenses to the Complaint. GM reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual development in this case.

### First Affirmative Defense

As and for an affirmative defense, GM asserts that throughout Plaintiff's employment, he was an at-will employee who could have voluntarily resigned or been terminated for any reason, at any time, with or without cause, advance notice or explanation.

### Second Affirmative Defense

As and for an affirmative defense, GM asserts that all employment-related decisions with respect to Plaintiff were made for legitimate, non-discriminatory reasons including, but not limited to, Plaintiff's unsatisfactory work performance, his limited legal expertise in addictive

medicines which became obsolete and of no substantive value to GM's then-current clients, his inability to adapt his legal expertise to other areas of the law, and his decreased overall profitability.

### Third Affirmative Defense

As and for an affirmative defense, GM asserts that Plaintiff has failed to mitigate his alleged damages by seeking and obtaining comparable employment and, further, that any income and interim earnings received by Plaintiff subsequent to his separation from GM reduces his back pay and/or lost benefits otherwise available.

### Fourth Affirmative Defense

As and for an affirmative defense, GM asserts that Plaintiff's alleged emotional distress, suffering and damage to professional reputation are not attributable to any policy, custom or practice of GM.

### Fifth Affirmative Defense

As and for an affirmative defense, GM asserts that it adheres to an equal employment opportunity policy and that such policy provides employment opportunities in all areas of employment, job placement, promotion, training, compensation, benefits and all other aspects of its business, without regard to race, national origin or any other protected class.

### Sixth Affirmative Defense

As and for an affirmative defense, GM asserts that Plaintiff unreasonably failed to take advantage of the preventive or corrective measures provided by GM, or otherwise avoid the alleged harm, insofar as he failed to complain to management about any perceived discrimination which he claims to have experienced during his employment with GM.

**Seventh Affirmative Defense**

As and for an affirmative defense, GM asserts that all of its actions with regard to Plaintiff were taken in good faith and for good cause, and without discriminatory motive, intent, malice or reckless disregard of Plaintiff's rights.

**Eighth Affirmative Defense**

As and for an affirmative defense, GM asserts that at all times relevant hereto, it exercised reasonable care to prevent and promptly correct discrimination in its workplace by having comprehensive and effective anti-discrimination, anti-harassment and anti-retaliation policies, and by providing employment opportunities in all areas of employment, job placement, promotion, training, compensation, benefits and all other aspects of its business without regard to race, national origin or any other protected characteristic.

**Ninth Affirmative Defense**

As and for an affirmative defense, GM asserts that Plaintiff has failed to state a claim under § 1981 to the extent he alleges he was discriminated based upon his national origin (as opposed to his race).

**Tenth Affirmative Defense**

As and for an affirmative defense, GM asserts that Plaintiff's action is barred by the applicable statute of limitations to the extent he relies upon alleged actions or conduct occurring prior to the pertinent limitations period.

**Eleventh Affirmative Defense**

As and for an affirmative defense, Plaintiff has failed to establish that GM harbored any discriminatory intent or animus towards him because of his race and/or national origin insofar as the same person(s) responsible for his hiring at GM were the ultimate decision-makers with

respect to his termination of employment. Accordingly, GM is entitled to the same-actor inference.

### Twelfth Affirmative Defense

As and for an affirmative defense, GM asserts that Plaintiff has failed to state claims for race and national origin discrimination to the extent he relies upon alleged actions or conduct which occurred during his employment with JMF and prior to the commencement of his employment with GM.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Defendant Greenspoon Marder LLP prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2) That judgment be rendered in favor of Defendant Greenspoon Marder LLP;

(3) That attorneys' fees and costs of suit incurred in this action be awarded to Defendant Greenspoon Marder LLP to the greatest extent permitted by applicable law; and

(4) That Defendant Greenspoon Marder LLP be awarded such other and further relief as the Court may deem just and proper.

Date:  March 29, 2019                                             Respectfully Submitted,

 /s/ Beth-Ann E. Krimsky
Beth-Ann E. Krimsky
New York Bar No. 2321115
beth-ann.krimsky@gmlaw.com
Lawren A. Zann*
Florida Bar No. 42997
lawren.zann@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

39361114v1

*Attorneys for Greenspoon Marder LLP*

\**Pro Hac Vice Admission Anticipated*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2019, I electronically filed and served the foregoing Answer and Affirmative Defenses on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                       */s/ Beth-Ann E. Krimsky*
                                       Beth-Ann E. Krimsky

39361114v1